OCT 29 2026 AM11:04
FILED - USDC - FLMD - JAX

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CHAUN LEE FLOYD

CASE NO. 3:26-cr-252-HES-LLL
21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)(1)

# INFORMATION

The United States charges:

## COUNT ONE
## (Drug Trafficking Conspiracy)

Beginning on an unknown date, but no later than September 2025, and continuing through on or about February 12, 2026, in the Middle District of Florida, the defendant,

CHAUN LEE FLOYD,

did knowingly and willfully conspire with other persons, both known and unknown to the United States, to distribute and possess with intent to distribute controlled substances, which violation involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

In violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).

**COUNT TWO**
**(Possession of a Firearm by a Convicted Felon)**

On or about February 12, 2026, in the Middle District of Florida, the defendant,

CHAUN LEE FLOYD,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offenses, which include at least three serious drug offenses committed on occasions different from one another:

1. Sale of Cocaine, on or about May 14, 1996;
2. Trafficking in cocaine, on or about May 3, 1999;
3. Possession of cocaine, on or about February 11, 2005;
4. Possession of a controlled substance, on or about January 30, 2008; and
5. Trafficking in cocaine, on or about April 20, 2021,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Glock .40 caliber pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

**FORFEITURE**

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation of 21 U.S.C. § 846, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4. The property to be forfeited includes, but is not limited to, the following:

a. a Glock, model 23, .40 caliber pistol, bearing serial number HWZ791;

b. a SCCY CPX-2 9mm pistol, bearing serial number 945063;

c. associated ammunition; and

d. $7,410 in U.S. currency.

5. If any of the property described above, as a result of any acts or omissions of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) directly, and as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: Elisibeth Adams
ELISIBETH ADAMS
Assistant United States Attorney

By: ______________________
MICHAEL COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division